IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PACIFIC FLEET SUBMARINE MEMORIAL ASSOCIATION, INC., dba, the USS Bowfin Submarine Museum and Park,<br><br>        Plaintiff,<br><br>   vs.<br><br>UNITES STATES DEPARTMENT OF THE NAVY; RAY MABUS, Secretary of the United States Department of the Navy; HAWAII STATE DEPARTMENT OF HUMAN SERVICES; LILLIAN B. KOLLER, Director of the Hawaii State Department of Human Services; JOHN DOES 1-10; and DOE GOVERNMENT AGENCIES 1-10,<br><br>        Defendants.<br>_____ | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CV. NO. 09-00467 DAE-KSC |

ORDER: (1) GRANTING THE NAVY'S MOTION TO DISMISS;
(2) GRANTING DHS'S MOTION TO DISMISS; (3) DISMISSING THE FIRST
AMENDED COMPLAINT WITH LEAVE TO AMEND;
(4) DENYING AS MOOT BOWFIN MUSEUM'S MOTION FOR
<u>PARTIAL SUMMARY JUDGMENT; AND (5) VACATING HEARING</u>

      Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing.  After reviewing the motion and the supporting and

opposing memoranda, the Court: (1) **GRANTS** the Navy's Motion to Dismiss

(Doc. # 56); (2) **GRANTS** DHS's Motion to Dismiss (Doc. # 70); (3)

**DISMISSES** the First Amended Complaint with leave to amend; and (4) **DENIES**

**AS MOOT** Bowfin Museum's Motion for Partial Summary Judgment (Doc. # 68).

The hearing on these matters is hereby **VACATED**.

BACKGROUND

This matter arises from this Court's November 12, 2008 Order in a

separate action, CV. NO. 08-00044, wherein the Court found, inter alia, that the

U.S. Navy violated the Randolph-Sheppard Vending Stand Act, 20 U.S.C. §§ 107-

107f (the "RSA"), by not requiring private companies that lease Navy land on the

Pearl Harbor Naval Base to comply with the RSA.  The Navy "violated the RSA

by failing to require its lessees to comply with the RSA and by not giving blind

vendors priority in the operation of vending facilities on the Leased Premises."

(CV. NO. 08-00044 Doc. # 57 at 16.)  One of the lessees on the property is the

plaintiff in the current action, Pacific Fleet Submarine Memorial Association, Inc.,

dba the USS Bowfin Submarine Museum and Park ("Bowfin Museum").

The RSA "establishes a cooperative federal-state program that

provides employment opportunities for the blind.  The [RSA] grants priority to

blind persons who desire to operate vending facilities on federal property."  Premo

2

v. Martin, 119 F.3d 764, 766-67 (9th Cir. 1997).  Each department of the United States "shall take all steps necessary to assure" priority is granted to blind licensees, unless the location would adversely affect the interests of the United States.  34 C.F.R. § 395.30(a).  The policies apply to blind persons licensed by a state licensing agency ("SLA").  Id. ("Blind persons licenses by State licencing agencies shall be given priority in the operation of vending facilities on any Federal property.").  In this case, the SLA is the State of Hawaii Department of Human Services, Department of Vocational Rehabilitation and Services for the Blind ("DHS").

As a result of this Court's November 12, 2008 Order, on March 5, 2009, the Navy sent a letter to Bowfin Museum informing Bowfin Museum that the Navy would comply with the Court's order.  (Doc. # 47 at 33.)  Bowfin Museum believes that any action to enforce the blind vendor priority on the Bowfin Museum property is a violation of its federal rights.

On February 18, 2010, Bowfin Museum filed a First Amended Complaint ("FAC") for declaratory and injunctive relief.  (Doc. # 47.)  Count I requests declaratory relief in the form of an order that: (1) Bowfin Museum is in compliance with the RSA; (2) that the Navy is not required by the RSA to institute a blind vendor priority at the Bowfin Museum property or on any facility at the

Bowfin Museum; and (3) that neither Bowfin Museum nor the Navy is bound by the November 12, 2008 Order as to the Bowfin Property and the Order has no effect with respect to the Bowfin Property.  Count II seeks declaratory and injunctive relief on the grounds that the November 12, 2008 Order denies Bowfin Museum its due process and equal protection rights under the U.S. Constitution. Count III alleges that Bowfin Museum has been denied its federal common law rights.  Count IV alleges that the November 12, 2008 Order violated the Administrative Procedure Act and the RSA and was without subject matter jurisdiction.  Count V further seeks to invalidate the November 12, 2008 Order on the grounds that DHS had failed to exhaust its administrative remedies.  Bowfin Museum seeks to enjoin enforcement of the November 12, 2008 Order as applied to Bowfin Museum property and facilities.

On March 19, 2010, the Navy filed a Motion to Dismiss for lack of subject matter jurisdiction and standing and failure to state a claim.  (Doc. # 56.) On July 2, 2010, Bowfin Museum filed an Opposition to the Navy's motion.  (Doc. # 73.)  On July 12, 2010, the Navy filed a Reply.  (Doc. # 85.)

On June 21, 2010, DHS and Lillian Koller (collectively, "DHS") also filed a Motion to Dismiss for lack of subject matter jurisdiction and failure to state

a claim.  (Doc. # 70.)  On July 6, 2010, Bowfin Museum filed an Opposition.

(Doc. # 77.)  On July 13, 2010, DHS filed a Reply.  (Doc. # 87.)

On June 16, 2010, Bowfin Museum filed a Motion for Partial

Summary Judgment.  (Doc. # 68.)  On July 2, 2010 and July 6, 2010, DHS and the

Navy filed Oppositions.  (Docs. ## 75, 79.)  Bowfin Museum filed two Replies in

support of its motion on July 12, 2010 and July 13, 2010.  (Docs. ## 84, 86.)

<u>STANDARD OF REVIEW</u>

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may

move to dismiss a complaint for lack of subject matter jurisdiction.  In a motion to

dismiss for lack of subject matter jurisdiction, the plaintiff bears the initial burden

of proving that subject matter jurisdiction exists.  <u>Robinson v. United States</u>, 586

F.3d 683, 685 (9th Cir. 2009); <u>Rattlesnake Coalition v. U.S. EPA</u>, 509 F.3d 1095,

1102 n.1 (9th Cir. 2007).  "In considering the jurisdiction questions, it should be

remembered that 'it is a fundamental principle that federal courts are courts of

limited jurisdiction.'"  <u>Stock West, Inc. v. Confederated Tribes of the Colville</u>

<u>Reservation</u>, 873 F.2d 1221, 1225 (9th Cir. 1989) (quoting <u>Owen Equip. &</u>

<u>Erection Co. v. Kroger</u>, 437 U.S. 365, 374 (1978)). Upon a motion to dismiss, a

party may make a jurisdictional attack that is either facial or factual.  <u>Safe Air for</u>

<u>Everyone v. Meyer</u>, 373 F.3d 1035, 1039 (9th Cir. 2004).  A facial attack occurs

when the movant "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Id. By contrast, a factual attack occurs when the movant "disputes the truth of the allegations, that by themselves, would otherwise invoke federal jurisdiction." Id.

In resolving a facial attack on the allegations of the complaint, the court must accept the allegations of the complaint as true. Mason v. Arizona, 260 F. Supp. 2d 807, 815 (D. Ariz. 2003); see also Savage v. Glendale Union High School, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003); White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). "Unlike a Rule 12(b)(6) motion, however, the court will not reasonably infer allegations sufficient to support federal subject matter jurisdiction because a plaintiff must affirmatively allege such jurisdiction." Mason, 260 F. Supp. 2d at 815. When subject matter jurisdiction is challenged in a motion to dismiss, the plaintiff has the burden of proving jurisdiction. Kingman Reef Atoll Investments, LLC v. United States, 541 F.3d 1189, 1197 (9th Cir. 2008) (citing Tosco Corp. v. Comtys. for a Better Environment, 236 F.3d 495, 499 (9th Cir. 2001)).

## DISCUSSION

Bowfin Museum effectively attempts to enjoin this Court's ruling in the earlier case, CV. NO. 08-00044, in which this Court held that the Navy had

been in violation of the RSA by failing to ensure that blind vendors received priority on the federal property.  Bowfin Museum, a lessee of the Navy on federal property, objects to imposition of the blind vendor priority on <u>its</u> leased property or facilities.

DHS and the Navy move to dismiss Bowfin Museum's First Amended Complaint for lack of standing, subject matter jurisdiction, and failure to state a claim.  Upon review of the Complaint, the Court concludes that Bowfin Museum has indeed failed to establish standing and subject matter jurisdiction for several of its claims, and that Bowfin Museum has failed to adequately plead its constitutional claims to satisfy Federal Rules of Civil Procedure 8.

I.      <u>Standing to Sue Under the RSA (Counts I & IV)</u>

The Court concludes that Bowfin Museum has no express or implied right of action under the RSA, and Counts I and IV are dismissed with prejudice for lack of standing.

A.      <u>Standing under the RSA</u>

Where a plaintiff seeks to recover under a federal statute, in addition to demonstrating Article III constitutional standing, the plaintiff must also show that he satisfies the "non-constitutional" standing requirements of the statute under which he seeks to bring suit.  <u>City of Sausalito v. O'Neill</u>, 386 F.3d 1186, 1199

(9th Cir. 2004) ("[I]t is not enough, however, for a plaintiff to satisfy the constitutional standing requirements of Article III.  A plaintiff must also satisfy the non-constitutional standing requirements of the statute under which he or she seeks to bring suit.")  The plaintiff must show that he falls within the category of persons for which that statute confers standing to bring suit.  Id. ("The nonconstitutional standing inquiry is whether a particular plaintiff has been granted a right to sue by the statute under which he or she brings suit.  Once the Article III standing requirement is satisfied, this is a purely statutory inquiry.")

        The RSA and its regulations contain a comprehensive scheme for resolution of disputes between a federal agency, a state licensing agency, and a blind vendor.  See 20 U.S.C. §§ 107b, 107-d; Premo v. Martin, 119 F.3d 764 (9th Cir. 1997); Colo. Dep't of Human Services v. United States, 74 Fed. Cl. 339, 344 (Fed. Cl. 2006).  When a dispute arises, a party must first request arbitration, and the arbitration panel's decision is published in the Federal Register.  Colo. Dep't of Human Services, 74 Fed. Cl. at 345.  This decision is then subject to judicial review as a final agency action under the APA.  Id.  "Any blind licensee who is dissatisfied with any action arising from the operation or administrative of the vending facility program may submit to a State licencing agency a request for a full evidentiary hearing," and if an SLA determines that the United States if failing to

8

comply, the SLA "may file a complaint with the Secretary who shall convene a panel to arbitrate the dispute."  20 U.S.C. § 107d-1(a)-(b).

Although there does not appear to be a Ninth Circuit case directly on the question of third party, <u>non-blind</u> vendor standing under the RSA, the Court of Federal Claims has concluded that a non-blind vendor has no rights under the RSA and no administrative remedies to pursue.  According to the Court of Federal Claims, a "disappointed bidder who is not a blind vendor" has "no rights under the Randolph-Sheppard Act" but  may "bring whatever claims plaintiff does have before a court of competent jurisdiction."  <u>Colo. Dep't of Human Services</u>, 74 Fed. Cl. at 345.  This Court finds that <u>Colorado Department of Human Services</u>, although not controlling, is persuasive and correctly reflects the standing provisions of the RSA.

It is clear that there is no express right for non-blind vendors to sue under the RSA.  This Court has reviewed the plain terms of the statute and has found no provisions referencing any right of a non-blind vendor to sue or pursue administrative action.  In an attempt to explain away this clear absence, Plaintiff cites to a District of Columbia Circuit case, <u>Randolph-Sheppard Vendors of Am. v. Weinberger</u>, 795 F.2d 90 (C.A.D.C. 1986).  In <u>Weinberger</u>, representatives of blind vendor groups challenged proposed government contracts for fast-food facilities on

military bases, and some fast-food establishments intervened.  Id.  at 92.  This case

is easily distinguishable on two significant grounds.  First, the plaintiffs in the case

were advocates of blind vendors and represented the interests of blind vendors.

That is clearly not the case before this Court, because Bowfin Museum is

antagonistic to the interests of any blind vendor.  As to standing, the court did

conclude that several of the plaintiffs had standing, but these association plaintiffs

had blind vendors as members.  Id. at 93, 97.  The court noted that "an

association's standing depends upon a showing that its members would have

standing to sue in their own right," which was the case in Weinberger.  Id. at 99-

100.  Bowfin Museum does not assert any blind vendors are part of its

organization.  Bowfin Museum contends that McDonald's was granted leave to

intervene is an indication that the RSA provides standing for non-blind vendors.

This Court disagrees because the District of Columbia Circuit never made such a

ruling and did not reach the issue of non-blind vendor standing.  The court

explicitly declined to reach further questions of standing in the case, due the fact

that administrative remedies had not been exhausted.  Id. at 100 ("We find no need

to pursue the question of standing further because we rest our decision to dismiss

this action on other grounds.").  This Court is therefore disinclined to rely on

Weinberger for the proposition that a non-blind vendor has standing to sue under

the RSA, when a clear reading of the statute indicates the contrary.

In The Nat'l Fed'n of the Blind v. Spellings, 562 F. Supp. 2d 75

(D.D.C. 2008), several associations that advocate for the blind filed a lawsuit to

require the U.S. Department of Education to comply with the RSA.  In the course

of litigation, the plaintiffs conceded that the RSA afforded them no private right of

action.  Id. at 78.  Instead, the plaintiffs sought relief through mandamus relief

from the court to compel the government to perform a duty owed to the plaintiffs.

Id.  Unlike Spellings, Bowfin Museum has not sought mandamus relief, and even if

Bowfin Museum had, Bowfin Museum has failed to articulate any duty that either

defendants owe to Bowfin Museum.

Accordingly, the Court concludes that the RSA includes no express

right of action for Bowfin Museum.  The Court next considers whether there is an

implied right to sue.

B.     Standing Under the APA

Absent an express right of action in the RSA, a plaintiff may still

demonstrate an implied right of action, the analysis of which is governed by the

Administrative Procedure Act ("APA").

11

A plaintiff challenging federal administrative action looks to Section 10(a) of the APA, which provides that any "'person ... adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof.'"  City of Sausalito, 386 F.3d at 1200 (quoting 5 U.S.C. § 702).  The APA defines a "person" as "an individual, partnership, corporation, association, or public or private organization other than an agency."  See id. at 1200; 5 U.S.C. § 551(2).

In order to determine whether the statute confers a right to sue on the plaintiff under the APA, the Court should consider "whether the interest sought to be protected by the complainant is arguably with the zone of interests to be protected or regulated by the statute . . . in question."  Ass'n of Data Processing Serv. Org., Inc. v. Camp, 397 U.S. 150, 153 (1970); see City of Sausalito, 386 F.3d at 1200.  The Ninth Circuit has adopted the "zone of interests" inquiry.  See, e.g., City of L.A. v. County of Kern, 581 F.3d 841, 846 (9th Cir. 2009).  The "zone of interests" interpretation of standing is the most generous interpretation of standing doctrine.  See United States v. Streich, 560 F.3d 926, 932 n.3 (9th Cir. 2009).  The Supreme Court specified that the zone of interests test must be construed generously and stated that the "test is not meant to be especially demanding."

Clarke v. Sec. Indus. Ass'n, 479 U.S. 388, 399 (1987); see City of Sausalito, 386

F.3d at 1200.

      A court should deny standing under the "zone of interests" test "if the

plaintiff's interests are so marginally related to or inconsistent with the purposes

implicit in the statute that it cannot reasonably be assumed that Congress intended

to permit the suit." Clarke, 479 U.S. at 399 (emphasis added).  Here, Bowfin

Museum's interests are clearly inconsistent with the purpose of the statute, which

is to provide employment and business opportunities for blind vendors.  Bowfin

Museum is seeking a court order that the Navy, and thus Bowfin Museum as a

lessee of federal land, does not need to abide by the RSA.

      Accordingly, the Court concludes that Bowfin Museum has neither

express nor implied standing to sue under the RSA.

C.    Exhaustion and Ripeness

      Two more principles caution this Court against ruling for Bowfin

Museum on these matters.  First, "agency action" in a Randolph-Sheppard context

generally encompasses an award of a contract to a particular organization.  E.g.,

Colo. Dep't of Human Services, 74 Fed. Cl. at 341.  Based on the records before

the Court, it appears that, to date, there has been no award to a particular blind

vendor.  This is significant because the RSA requires only that priority be given to

13

blind vendors; it does not mandate an absolute guarantee that a blind vendor will receive the contract.  When awarding priorities, several factors are considered, including the quality and costs of the blind vendor's services.  See Kentucky v. United States, 62 Fed. Cl. 445, 455 (Fed. Cl. 2004); 34 C.F.R. § 395.33(b).  It is therefore at least conceivable that no blind vendor will satisfy the requirements.  Bowfin Museum's concerns are speculative and not ripe for judicial review at this juncture.  See Poe v. Ullman, 367 U.S. 497 (1961).

Second, the record indicates that Bowfin Museum itself has not sought administrative remedy.  Exhaustion of administrative remedies is generally required before a party may file suit in federal court for violations of the RSA.  See 20 U.S.C. § 107d-2(a) ("[T]he Secretary shall convene an ad hoc arbitration panel . . . and render its decision which shall be subject to appeal and review as a final agency action."); Colo. Dep't of Human Services, 74 Fed. Cl. at 345; Fillinger v. Cleveland Soc'y for the Blind, 587 F.2d 336, 338 (6th Cir. 1978); Nat'l Wildlife Fed'n v. U.S. Army Corps of Eng'r, 384 F.3d 1163, 1170 (9th Cir. 2004); Middendorf v. U.S. Gen. Serv. Admin., 1996 WL 442512 (9th Cir. Aug. 5, 1996) (unpublished opinion).  Therefore, even if Bowfin Museum could demonstrate a

right to sue under the RSA, Bowfin Museum has not exhausted its administrative remedies nor provided a reason why it should not be required to do so.

Accordingly, Counts I and IV are DISMISSED WITH PREJUDICE.

II.    Remaining Statutory Grounds for Subject Matter Jurisdiction

Plaintiff asserts subject matter jurisdiction under several other statutes.  These grounds fail as a matter of law.

A.    28 U.S.C. § 1331

Bowfin Museum contends that it has subject matter jurisdiction over the claims pursuant to the federal question statute, 28 U.S.C. §1331.  It is a well established principal of law that § 1331 does not itself confer jurisdiction.  Section 1331 is a "general federal-question jurisdiction statute [that] is applicable only when the plaintiff sues under a federal statute that creates a right of action in federal court."  Williams v. United Airlines, Inc., 500 F.3d 1019, 1022 (9th Cir. 2007).  Bowfin Museum cannot rely on § 1331 to cure jurisdictional defects.

B.    28 U.S.C. § 1343(a)(3)

Bowfin Museum next attempts to assert jurisdiction under 28 U.S.C. § 1343(a)(3), which provides that a district court has original jurisdiction over a civil action commenced to "redress the deprivation, under color of any State law, statute, ordinance, regulation . . . of any right, privilege or immunity secured by the

15

Constitution of the United States or by any Act of Congress providing for the equal rights of citizens or of all persons within the jurisdiction of the United States." Section 1343 does not provide Bowfin Museum with an independent source of subject matter jurisdiction, and Bowfin Museum fails to identify any deprivation committed under color of any state law that would provide for a cause of action. See 28 U.S.C. § 1343(a)(3); Aasum v. Good Samaritan Hops., 542 F.2d 792, 794 (9th Cir. 1976).

As the Navy notes in its motion, the Navy seeks to enforce a judgment of a federal district court concerning a federal statute, which the Navy has accepted. (Navy Mot. at 16.) Absent any state law at issue, Bowfin Museum cannot rely on this statute as an independent source of federal jurisdiction.

C.     Administrative Procedure Act (Count IV)

The APA does not generally independently provide for federal jurisdiction. See Califano v. Sanders, 430 U.S. 99, 105-06 (1977). "[T]he APA is not to be interpreted as an implied grant of subject-matter jurisdiction to review agency actions." Id. at 105. "Rather, the APA prescribe[s] standards for judicial review of an agency action, once jurisdiction is otherwise established." Gallo Cattle Co. v. U.S. Dep't of Agriculture, 159 F.3d 1194, 1198 (9th Cir. 1998). Bowfin Museum therefore cannot rely on the APA for subject matter jurisdiction if

16

other statutes, such as the RSA, fail to provide for jurisdiction for Bowfin Museum.

The Court further notes that none of Bowfin Museum's claims are brought pursuant to the Administrative Dispute Resolution Act, the Tucker Act, or any other statute granting jurisdiction for a court to render judgment on an action by a party objecting to solicitation or award of a contract.  See 28 U.S.C. § 1491; Wash. State Dep't of Serv. for the Blind v. United States, 58 Fed. Cl. 781 (Fed. Cl. 2003).

Moreover, as mentioned above, the FAC does not expressly identify the "final agency action" at issue.  A Court's review of agency action under the APA is generally confined to analysis of whether an agency action is arbitrary, capricious, or not in accordance with the law.  Nat'l Wildlife Fed'n, 384 F.3d at 1170.  But in this case, Bowfin Museum is disputing whether this Court's own November 12, 2008 Order in a separate lawsuit should be implemented, and whether the Navy should abide by the Court's order.  It appears from the record that there is no "final agency action" even at issue in this stage of the proceedings.

For these reasons, Bowfin Museum has failed to demonstrate that this Court may exercise subject matter jurisdiction over the RSA and APA claims raised in the Complaint.

17

III.    Due Process, Equal Protection, and Property Rights (Count II)

As to Bowfin Museum's constitutional claims, Bowfin Museum contends that the Court's November 12, 2008 Order denied its substantive and procedural due process and equal protection rights and amounts to a taking of property without just compensation.  (FAC ¶ 42.)

The FAC does not explain these causes of action in any detail and does not even plead the basic components of these claims.  A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right of relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id. (citation omitted).

The complaint must provide enough information so that the defendant can respond to the allegations and fashion meaningful discovery requests. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).  Furthermore, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, — U.S. —, 129 S. Ct. 1937, 1949 (2009).

18

The Court finds that Bowfin Museum has failed to adequately plead

Count II under the standards of Rule 8.  Count II states in its entirety:

> The Court's Order and State's Motion deny the Bowfin
> Museum its Constitutional Rights to substantive and procedural Due
> Process and Equal Protection.  <u>Taylor v. Sturgell</u>, 553 U.S., 172
> L.Ed.2d 155, 163 (2008); and <u>Bivens v. Six Unknown Named Agents
> of the Federal Bureau of Narcotics</u>, 403 U.S. 388, 29 L.Ed.2d 619
> (1971).
> This Court's Order also amounts to a taking of property without
> just compensation in violation of the 5th Amendment to the
> Constitution.

(FAC ¶¶ 42-43.)  The FAC does not identify the particular property interest

supposedly taken, or how it was taken by a court's enforcement of a federal

regulatory scheme.  As to due process and equal protection, the FAC is likewise

inadequate.  Additionally, Plaintiff's reasoning for including a citation to <u>Bivens</u> in

unclear, as Plaintiffs do not expressly identify the individual who has deprived

them of its constitutional rights or even alleged how this violation occurred.

Bowfin Museum has not provided enough information for Defendants

or this Court to meaningfully evaluate Count II.  The Court further notes that,

because Bowfin Museum has not established rights under the RSA, it is difficult to

discern how Bowfin Museum might establish a violation of due process or equal

protection.  The Court will not rule on this matter at this time, however, due the

absence of briefing on this issue from the parties.  Accordingly, Count II is

19

DISMISSED WITH LEAVE TO AMEND.  Bowfin Museum is advised that it will be required to establish standing and subject matter jurisdiction from a source other than the RSA or the other statutes rejected above, should Bowfin Museum elect to file a Second Amended Complaint.

IV.   <u>Federal Common Law (Count III)</u>

Bowfin Museum further asserts that the Court's November 12, 2008 Order denied Bowfin Museum its "federal common law rights, including the right to contest the preclusive effect of this Court's Order and to due process."  (FAC ¶ 45.)

Plaintiff's reliance on <u>Taylor v. Sturgell</u>, 128 S. Ct. 2161 (2008), is unavailing.  In <u>Taylor</u>, the Supreme Court stated the general principle of law that "one is not bound by a judgment in personam in a litigation in which he is not designated as a party or to which he has not been made a party by service of process."  <u>Id.</u> at 2166-67.  The plaintiff in that case had filed a lawsuit under the Freedom of Information Act requesting documents from the Federal Aviation Administration ("FAA"), and the suit was unsuccessful.  <u>Id.</u> at 2167.  Sometime later, a second, unrelated, plaintiff filed another lawsuit requesting documents from the FAA.  <u>Id.</u>  The D.C. Circuit held the second individual's suit to be precluded by the judgment against the first plaintiff.  <u>Id.</u>  The Supreme Court reversed and held

that the judgment against the first plaintiff did not bar the second plaintiff from bringing suit.  Id.

Taylor is inapposite to the facts before this Court.  Bowfin Museum's arguments presume, one, that Bowfin Museum has a right to bring suit under the RSA, and two, that this Court is basing the holding herein on the doctrine of preclusion.  To the contrary, the Court is ruling according to the record now before it.

Bowfin Museum is framing the issue incorrectly.  In the prior action, this Court ordered the Navy, not Bowfin Museum, to comply with the RSA.  The fact that the Navy has leased its land to Bowfin Museum does not obviate the Navy's obligation to abide by federal law.  Nothing before the Court indicates that the Navy's requirements under the RSA evaporate upon leasing the property to a third party.  Bowfin Museum's remedy, if any, might be against the state licencing agency for administration of the vending facilities, brought through proper channels.  See 20 U.S.C. §§ 107a, 107b.  The current lawsuit is an improper vehicle for Bowfin Museum's grievances.

V.     Exhaustion of Administrative Remedies (Count V)

In reference to CV. NO. 08-00044, Bowfin Museum argues that administrative remedies had not been exhausted prior to the Court's November 12,

21

2008 ruling.  In essence it appears that, using the vehicle of a separate lawsuit,

Bowfin Museum is attempting to effectively appeal this Court's decision in the

2008 lawsuit.  Parties to the 2008 suit, including the Navy, chose not to pursue an

appeal.  Bowfin Museum may not now raise arguments that could have been made

on appeal in the prior case.  This argument therefore lacks merit.

VI.   <u>Motion for Summary Judgment</u>

In light of the fact that the Court dismisses the First Amended

Complaint with leave to amend, Bowfin Museum's Motion for Partial Summary

Judgment is hereby DENIED AS MOOT.

CONCLUSION

For the reasons stated above, the Court GRANTS the Navy's Motion

to Dismiss,  GRANTS DHS' Motion to Dismiss, DISMISSES WITH LEAVE TO

AMEND the First Amended Complaint, and DENIES AS MOOT Bowfin

Museum's Motion for Partial Summary Judgment.  The hearing on these matters is

VACATED.

Bowfin Museum is granted not more than 30 days from the filing of

this order to file a Second Amended Complaint.  The Court instructs Bowfin

Museum that all claims arising from the RSA are dismissed with prejudice, and

Bowfin Museum is prohibited from including such claims in any Second Amended

22

Complaint.  Bowfin Museum is further instructed that it is not granted leave to add

new claims; rather, the Second Amended Complaint may only add facts and

pleadings to cure the Rule 8 deficiencies in the remaining claims.  Failure to abide

by this Court may result in dismissal of this action with prejudice.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, July 23, 2010.

_____
David Alan Ezra
United States District Judge

Pacific Fleet Submarine Memorial Association v. U.S. Department of the Navy,
CV No. 09-00467 DAE-KSC; ORDER: (1) GRANTING THE NAVY'S MOTION
TO DISMISS; (2) GRANTING DHS'S MOTION TO DISMISS; (3)
DISMISSING THE FIRST AMENDED COMPLAINT WITH LEAVE TO
AMEND; (4) DENYING AS MOOT BOWFIN MUSEUM'S MOTION FOR
PARTIAL SUMMARY JUDGMENT; AND (5) VACATING HEARING