IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PACIFIC FLEET SUBMARINE MEMORIAL ASSOCIATION, INC., dba, the USS Bowfin Submarine Museum and Park,<br><br>        Plaintiff,<br><br>   vs.<br><br>UNITED STATES DEPARTMENT OF THE NAVY; RAY MABUS, Secretary of the United States Department of the Navy; HAWAII STATE DEPARTMENT OF HUMAN SERVICES; PATRICIA McMANNAMAN, Director of the Hawaii State Department of Human Services; JOHN DOES 1–10; and DOE GOVERNMENT AGENCIES 1–10,<br><br>        Defendants. | CV. NO. 09-00467 DAE-KSC |

ORDER: (1) GRANTING BOWFIN MUSEUM'S MOTION TO DISMISS; (2) DISMISSING WITHOUT PREJUDICE BOWFIN MUSEUM'S SECOND AMENDED COMPLAINT; (3) DENYING AS MOOT THE NAVY'S MOTION TO DISMISS BOWFIN MUSEUM'S SECOND AMENDED COMPLAINT; (4) DENYING AS MOOT DHS'S MOTION TO DISMISS, WITH PREJUDICE, BOWFIN MUSEUM'S SECOND AMENDED COMPLAINT FOR <u>DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES</u>

In accordance with the parties' stipulation (Doc. # 136), and pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing the motions and the supporting and opposing memoranda, the Court GRANTS Bowfin Museum's Motion to Dismiss (Doc. # 97) and DISMISSES WITHOUT PREJUDICE the Second Amended Complaint. The Court DENIES AS MOOT the Navy's Motion to Dismiss Bowfin Museum's Second Amended Complaint (Doc. # 107) and DENIES AS MOOT DHS's Motion to Dismiss, With Prejudice, Bowfin Museum's Second Amended Complaint for Declaratory and Injunctive Relief and Damages (Doc. # 109).

<u>BACKGROUND</u>

This lawsuit arises from the Court's November 12, 2008 Order in a separate action, wherein the Court found, <u>inter alia</u>, that the United States Navy violated the Randolph-Sheppard Vending Stand Act, 20 U.S.C. §§ 107–107f (the "RSA") by not requiring private companies that lease Navy land on the Pearl Harbor Naval Base to comply with the RSA. (Cv. No. 08-00044, Doc. # 57.) One

of the lessees on the property is the plaintiff in the current action, Pacific Fleet Submarine Memorial Association, Inc., dba the USS Bowfin Submarine Museum and Park ("Bowfin Museum").

On March 5, 2009, the Navy sent a letter to Bowfin Museum informing it that the Navy would comply with the Court's November 12, 2008 Order. Bowfin Museum believes that any action to enforce the RSA's blind vendor priority on the Bowfin Museum property is a violation of its rights.

On October 5, 2009, Bowfin Museum filed a Complaint in this Court against the United States Department of the Navy and Ray Mabus (collectively, the "Navy"), the Hawaii State Department of Human Services and Patricia McMannaman (collectively, "DHS"), and various Doe Defendants.[1] (Doc. # 1.) Bowfin Museum filed a First Amended Complaint for declaratory and injunctive relief on February 18, 2010. (Doc. # 47.) Through this lawsuit, Bowfin Museum seeks to enjoin enforcement of the November 12, 2008 Order as applied to Bowfin Museum property and facilities.

On March 19, 2010, the Navy filed a Motion to Dismiss for lack of subject matter jurisdiction and standing and failure to state a claim. (Doc. # 56.)

---

[1] Bowfin Museum sued Ray Mabus in his official capacity as Secretary of the United States Department of the Navy and Patricia McMannaman in her official capacity as Director of the Hawaii State Department of Human Services.

On June 21, 2010, DHS also filed a Motion to Dismiss. (Doc. # 70.) Bowfin Museum filed a Motion for Partial Summary Judgment and a Concise Statement of Facts in support of that motion on June 16, 2010. (Docs. ## 68, 69.)

On July 23, 2010, the Court issued an Order: (1) Granting the Navy's Motion to Dismiss; (2) Granting DHS's Motion to Dismiss; (3) Dismissing the First Amended Complaint with Leave to Amend; (4) Denying as Moot Bowfin Museum's Motion for Partial Summary Judgment; and (5) Vacating Hearing ("July 23, 2010 Order"). (Doc. # 88.) The Court concluded, <u>inter alia</u>, that Bowfin Museum, a third party non-blind vendor, did not have standing to bring a lawsuit under the RSA. The Court therefore dismissed with prejudice all of Bowfin Museum's claims that arose under the RSA.[2] The Court also dismissed with leave to amend Bowfin Museum's constitutional claims because they failed to satisfy federal pleading requirements.

On August 19, 2010, Bowfin Museum filed a Second Amended Complaint, which reasserts only the constitutional claims previously set forth in

---

[2] On January 19, 2011, Bowfin Museum filed a Motion for Reconsideration of the July 23, 2010 Order on the basis that it had discovered new material facts that purportedly undercut this Court's determination that Bowfin Museum does not have standing under the RSA. (Doc. # 127.) Concluding that these "new material facts" were inapposite, the Court denied Bowfin Museum's Motion for Reconsideration on February 28, 2011. (Doc. # 135.)

Count II of the First Amended Complaint. ("SAC," Doc. # 95.) Specifically, the Second Amended Complaint seeks declaratory and injunctive relief on the grounds that the November 12, 2008 Order, as well as an alleged March 30, 2010 Agreement between DHS and the Navy, deprive Bowfin Museum of its substantive and procedural due process and equal protection rights and amount to a taking of property without just compensation.

On August 27, 2010, Bowfin Museum filed a Motion to Dismiss Count II of the First Amended Complaint Without Prejudice, seeking to voluntarily dismiss the claims set forth in its Second Amended Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 41 ("Bowfin Museum's Motion to Dismiss").[3] (Doc. # 97.) DHS filed an opposition to Bowfin Museum's Motion to Dismiss on October 25, 2010. (Doc. # 115.) Bowfin Museum filed a reply on November 1, 2011.[4] (Doc. # 118.)

---

[3] Bowfin Museum filed an Errata on September 29, 2010 to clarify that it sought dismissal of the Second Amended Complaint, rather than the superceded First Amended Complaint. (Doc. # 106.)

[4] Bowfin Museum asserts that the Navy is not opposed to voluntary dismissal of Bowfin Museum's Second Amended Complaint. (Bowfin Museum's Motion to Dismiss, Declaration of Michael A. Lilly ¶ 3.) Although the Navy did not file an opposition to Bowfin Museum's Motion to Dismiss, the Navy did file a Motion to Dismiss the Second Amended Complaint. It is thus unclear whether the Navy in fact opposes Bowfin Museum's motion for voluntary dismissal.

On October 4, 2010, the Navy filed a Motion to Dismiss Bowfin Museum's Second Amended Complaint ("Navy's Motion to Dismiss") (Doc. # 107.) Bowfin Museum filed an opposition to the Navy's Motion to Dismiss on October 27, 2010. (Doc. # 116.) The Navy filed a reply on November 2, 2010. (Doc. # 120.)

On October 5, 2010, DHS filed a Motion to Dismiss, With Prejudice, Bowfin Museum's Second Amended Complaint for Declaratory and Injunctive Relief and Damages ("DHS's Motion to Dismiss"). (Doc. # 109.) Bowfin Museum filed an opposition to DHS's Motion to Dismiss on October 27, 2010. (Doc. # 117.) DHS filed a reply on November 1, 2010. (Doc. # 119.)

DISCUSSION

For the reasons set forth below, the Court concludes that voluntary dismissal of Bowfin Museum's Second Amended Complaint, setting forth Bowfin Museum's constitutional claims, is appropriate. The Court therefore dismisses without prejudice Bowfin Museum's Second Amended Complaint and denies as moot DHS's and the Navy's motions to dismiss.

Federal Rule of Civil Procedure ("Rule") 41(a)(2) allows a plaintiff, pursuant to court order, and subject to any terms and conditions the court deems proper, to dismiss an action without prejudice at any time. <u>Westlands Water Dist.</u>

v. United States, 100 F.3d 94, 96 (9th Cir. 1996) (citing Fed. R. Civ. P. 41(a)(2); Stevedoring Servs. of Am. v. Armilla Int'l B.V., 889 F.2d 919, 921 (9th Cir. 1989)).

Rule 41(a)(2) motions for voluntary dismissal should be liberally granted, provided that no party will suffer legal prejudice. Stevedoring, 889 F.2d at 921; see also Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001) (citations omitted) ("A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result of the dismissal."). In the Ninth Circuit, the decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion and "will not be disturbed unless the court has abused its discretion." Westlands Water Dist., 100 F.3d at 96 (citations omitted).

Thus, when ruling upon a Rule 41(a)(2) motion to dismiss without prejudice, the district court must first determine whether the defendant will suffer resultant legal prejudice. Hyde & Drath v. Baker, 24 F.3d 1162, 1169 (9th Cir. 1994); Hamilton v. Firestone Tire & Rubber Co., 679 F.2d 143, 145 (9th Cir. 1982). "Plain legal prejudice . . . does not result simply when [the] defendant faces the prospect of a second lawsuit or when [the] plaintiff merely gains some tactical advantage." Hamilton, 679 F.2d at 145 (citing Durham v. Fla. E. Coast Ry. Co.,

385 F.2d 366, 368 (5th Cir. 1967)). Plain legal prejudice "is just that—prejudice to some legal interest, some legal claim, some legal argument." Westlands Water Dist., 100 F.3d at 97. In other words, legal prejudice is shown "where actual legal rights are threatened or where monetary or other burdens appear to be extreme or unreasonable." Id.; see also id. ("[I]n determining what will amount to legal prejudice, courts have examined whether a dismissal without prejudice would result in the loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense."); Hyde & Drath, 24 F.3d at 1169 (concluding that the district court properly identified legal prejudice when the dismissal of a party would have rendered the remaining parties unable to conduct sufficient discovery to untangle complex fraud claims and adequately defend themselves against charges of fraud).

The district court must further determine what conditions, if any, to place upon the dismissal. To alleviate the prejudice resulting from dismissal, courts may impose costs and attorney's fees upon the plaintiff. Westlands Water Dist., 100 F.3d at 97. However, the imposition of costs and fees is not a prerequisite to grant of a voluntary dismissal. Stevedoring, 889 F.2d at 921.

Neither DHS nor the Navy will suffer legal prejudice from voluntary dismissal of Bowfin Museum's Second Amended Complaint. At the time that

Bowfin Museum filed its motion for voluntarily dismissal, the parties had not yet devoted substantial time and effort to litigating the merits of Bowfin Museum's constitutional claims. Indeed, DHS's and the Navy's prior motions to dismiss focused on whether Bowfin Museum had standing to bring a lawsuit under the RSA. Although both DHS and the Navy have now filed motions to dismiss solely addressing Bowfin Museum's constitutional claims, they did not file these motions until <u>after</u> Bowfin Museum had already filed its motion for voluntary dismissal.

Additionally, this case has not yet been prepared for trial and has not even gone past motions practice. No pretrial statement has been filed and trial preparation has not commenced. Although DHS served Bowfin Museum with discovery requests, the parties agreed that Bowfin Museum would not have to respond until after this Court's decision on the pending motions. (Bowfin Museum's Reply, Declaration of Michael A. Lilly ¶ 3.) There is also no indication that Bowfin Museum engaged in excessive delay or lacked diligence in prosecuting the action. To the contrary, Bowfin Museum filed its motion for voluntary dismissal almost immediately after the Court ruled against it on the issue of standing under the RSA. Thus, no significant discovery or pretrial preparations have taken place, and there is no evidence that either DHS or the Navy will suffer legal prejudice as recognized by the Ninth Circuit.

9

DHS argues that because this Court has already dismissed four out of Bowfin Museum's five claims, Bowfin Museum should not be permitted to voluntarily dismiss its remaining claim, set forth in the Second Amended Complaint. (DHS's Opp'n to Bowfin Museum's Motion to Dismiss at 3.) The Court is not persuaded. As noted, the Court must determine whether DHS and the Navy will suffer legal prejudice from voluntary dismissal. That the Court has already dismissed Bowfin Museum's four other claims does not necessarily mean that voluntary dismissal of the remaining claim will prejudice the parties. Rather, as discussed, DHS and the Navy have not yet expended significant resources litigating Bowfin Museum's constitutional claims, and to the extent that DHS and the Navy have briefed the issue, this briefing can possibly be utilized in future litigation between the parties.

DHS also contends that Bowfin Museum's Second Amended Complaint does not comply with the directives of the July 23, 2010 Order, and because of this, Bowfin Museum should not be permitted to voluntarily dismiss it. (DHS's Opp'n to Bowfin Museum's Motion to Dismiss at 3.) Even assuming, <u>arguendo</u>, that the substance of the Second Amended Complaint does not comply with the Court's prior order, this argument goes to the merits of DHS's Motion to Dismiss and is therefore irrelevant to the instant inquiry.

Additionally, DHS argues that an application of the factors identified in United States v. Chu, 172 F.R.D. 49, 51 (E.D.N.Y. 1997) demonstrates that voluntary dismissal is improper. (DHS's Opp'n to Bowfin Museum's Motion to Dismiss at 5–6.) Chu states that the following factors should be considered in deciding whether to grant a Rule 41(a)(2) motion: (1) the plaintiff's diligence in bringing the motion; (2) any "undue vexatiousness" on the plaintiff's part; (3) the extent to which the suit has progressed, including the defendant's effort and expense in preparing for trial; (4) the duplicative expense of relitigation; and (5) the adequacy of the plaintiff's explanation for the need to dismiss. Chu, 172 F.R.D. at 51 (citing Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir. 1990)). District courts within the Ninth Circuit have applied the following, similar four-factor test in determining whether there is legal prejudice: (1) the defendant's effort and expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation of the need to take a dismissal; and (4) the fact that summary judgment has been filed by the defendant. United States v. Berg, 190 F.R.D. 539, 543 (E.D. Cal. 1999) (citations omitted). The Court has already addressed most of these factors, and none of them demonstrate that either DHS or the Navy will suffer legal prejudice if the Court grants the voluntary dismissal. As discussed, trial

preparation has not commenced, and Bowfin Museum immediately sought voluntary dismissal after the Court ruled against it on the issue of whether it has standing under the RSA. Additionally, there is no indication that Bowfin Museum seeks voluntary dismissal for nefarious reasons; rather, it appears that Bowfin Museum simply does not wish to pursue its constitutional claims at this time. In the absence of legal prejudice to the parties, Bowfin Museum may seek voluntary dismissal on this basis. Moreover, neither DHS nor the Navy have filed a motion for summary judgment in this action, and to the extent that they briefed the merits of the constitutional claims in their motions to dismiss, that briefing may be used in future litigation between the parties.

Finally, another reason supporting voluntary dismissal is the fact that the damages Bowfin Museum complains of in its Second Amended Complaint are, at this time, prospective because a blind vending facility has not yet been imposed on it. As the Court noted in the July 23, 2010 Order, because there has not yet been an award to a particular blind vendor, Bowfin Museum's concerns are speculative and therefore may not be ripe for review. (July 23, 2010 Order at 13–14.) Although DHS filed a motion in a separate action to compel the Navy to deliver Bowfin Museum's vending facility to DHS, this Court denied that motion. (Cv. No. 08-00044, Doc. # 79.) The Court observed that if DHS believed that the

Navy was not in compliance with the RSA, then DHS could file a complaint with the Secretary of Education and submit the matter to an arbitration panel. (Id. at 12.) On September 14, 2010, DHS filed an arbitration complaint before the Secretary of Education regarding the application of the RSA to Bowfin Museum. (See Bowfin Museum's Opp'n to DHS's Motion to Dismiss Ex. 4.) The arbitration panel's decision on this matter will greatly affect the manner in which the parties proceed with Bowfin Museum's constitutional claims. Thus, this also counsels in favor of permitting Bowfin Museum to voluntarily dismiss its Second Amended Complaint.

In sum, DHS and the Navy have failed to show that it would be prejudicial or unfair to allow Bowfin Museum to reassert its constitutional claims against them at a later time. Voluntary dismissal without prejudice of the Second Amended Complaint is therefore appropriate. Neither DHS nor the Navy have requested attorneys fees and costs, and the Court declines to grant such an award as a condition of dismissal.

Accordingly, the Court GRANTS Bowfin Museum's Motion to Dismiss and DISMISSES WITHOUT PREJUDICE Bowfin Museum's Second Amended Complaint. The Court DENIES AS MOOT both DHS's Motion to Dismiss and the Navy's Motion to Dismiss.

CONCLUSION

For the reasons stated above, the Court GRANTS Bowfin Museum's Motion to Dismiss (Doc. # 97) and DISMISSES WITHOUT PREJUDICE the Second Amended Complaint. The Court DENIES AS MOOT the Navy's Motion to Dismiss Bowfin Museum's Second Amended Complaint (Doc. # 107) and DENIES AS MOOT DHS's Motion to Dismiss, With Prejudice, Bowfin Museum's Second Amended Complaint for Declaratory and Injunctive Relief and Damages (Doc. # 109). The Clerk of the Court is hereby directed to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 14, 2011.

_____
David Alan Ezra
United States District Judge

Pacific Fleet Submarine Memorial Association v. U.S. Department of the Navy, Cv. No. 09-00467 DAE-KSC; ORDER: (1) GRANTING BOWFIN MUSEUM'S MOTION TO DISMISS; (2) DISMISSING WITHOUT PREJUDICE BOWFIN MUSEUM'S SECOND AMENDED COMPLAINT; (3) DENYING AS MOOT THE NAVY'S MOTION TO DISMISS BOWFIN MUSEUM'S SECOND AMENDED COMPLAINT; (4) DENYING AS MOOT DHS'S MOTION TO DISMISS, WITH PREJUDICE, BOWFIN MUSEUM'S SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES